# Smokowicz v. Carpenter

C.P of Allegheny County, no. GD97-3067.

*David J. Foster,* for the plaintiffs.
*Eric P. Reif,* for the defendants.

WETTICK, *J.,* March 9, 1999—Defendants' motion to compel is the subject of this opinion and order of court.

Defendants served on plaintiffs a request for production of documents, containing 21 categories of documents. Plaintiffs produced a stack of documents approximately six inches thick with a response that these are all the documents responsive to the request for production within plaintiffs' possession, custody, or control.

Through their motion to compel, defendants request that I enter a court order that compels plaintiffs to file an amended response to the request for production which (i) includes a fully executed privilege log setting forth a description of each document that has been withheld together with the type of and basis for the privilege claim and (ii) identifies the specific documents which plaintiffs produced that correspond to each specific category.

Responses to requests for production of documents are governed by Pa.R.C.P. 4009.12. Rule 4009.12(a) requires the party on whom a request is served to (1) serve an answer, including objections, to each numbered paragraph in the request and (2) to produce those documents described in the request to which there is no objection. Rule 4009.12(b) describes the answer that the responding party must serve:

"(b) The answer shall be in the form of a paragraph-by-paragraph response which shall

"(1) identify all documents or things produced or made available;

"(2) identify all documents or things not produced or made available because of the objection that they are not within the scope of permissible discovery under Rule 4003.2 through Rule 4003.6 inclusive and Rule 4011(c). Documents or things not produced shall be identified with reasonable particularity together with the basis for nonproduction;

"(3) specify a larger group of documents or things from which the documents or things to be produced or made available may be identified as provided by subdivision (a)(2)(i);

"(4) object to the request on the grounds set forth in Rule 4011(a), (b), and (e) or on the ground that the request does not meet the requirements of Rule 4009.11;

"(5) state that after reasonable investigation, it has been determined that there are no documents responsive to the request."

In his brief in opposition to defendants' motion to compel, plaintiffs' counsel states that plaintiffs have provided defendants with affidavits stating that no redactions were made in the materials produced. I assume that this also means that no documents were withheld.[1] Consequently, I deny defendants' request that I direct plaintiffs to identify those documents which plaintiffs withheld.

I next address defendants' contention that they are entitled to a response which identifies each document responsive to each of the 21 categories of documents described in defendants' request for production of documents. Defendants rely on Rule 4009.12(b)(1).

---

1. If this assumption is incorrect, plaintiffs' counsel has a duty to so advise defendants' counsel.

The requirement of Rule 4009.12(a)(1) that a responding party serve an answer that complies with Rule 4009.12(b) serves two purposes. Under Rule 4009.12(b)(2), (4) and (5), a responding party is required to identify those documents or things that are being withheld; a responding party is required to identify those requests for which its reasonable investigation is not completed; and a responding party is required to object to a request to which it has not fully responded.[2] Through these provisions of Rule 4009.12(b), the responding party advises the requesting party in writing that it has received all of the documents that it has requested with respect to each document request except as otherwise described in the answer.[3]

The requirement of Rule 4009.12(b)(1) that the answer identify all documents or things produced or made available serves a different purpose. In discovery proceedings and at trial, frequently one party disputes the other party's contention that it previously produced documents pursuant to a discovery request. Courts have not been in a position to decide who is correct because the rules did not provide for parties to make a record of what has been produced in response to a request for the production of documents. The purpose of Rule 4009.12(b)(1) is to permit either party to utilize this

2. A responding party is required to produce all documents that may be within the scope of an overly broad discovery request unless it either objects to the request pursuant to Rule 4009.12(b)(4) or identifies with reasonable particularity the documents that it is not producing with the basis for nonproduction pursuant to Rule 4009.12(d).

3. Pa.R.C.P. 4009.12(c) provides for an answer to be signed and verified by the party making it and signed also by the attorney making an objection if one is set forth.

rule in order to establish a record of what has been produced.

A responding party may meet the requirements of Rule 4009.12(b)(1) by describing at the beginning of its answer the entire set of documents that it is producing in response to the entire request for production. It then must, on a category-by-category basis, describe what it is not producing to meet the requirements of Rule 4009.12(b)(2), (4) and (5).

The responding party describes what it is producing by describing each document that it is producing or by numbering the documents that it is producing and describing the production by referring to these numbers. For example, the responding party may state in its answer:

"In response to plaintiff's January 11, 1999 request for the production of documents, I have enclosed or made available the following documents: Documents nos. 27-791."

The receiving party is expected to review the documents that it has received in order to verify that the answer accurately describes the documents that were produced. See note to Rule 4009.12(b) which states:

"The party who is requested to produce documents or things is encouraged to identify the documents or things produced and the documents or things withheld through a system of numbering. The party producing the documents and things and the party receiving them are encouraged to keep a current list of the documents and things produced and withheld based on the numbering system. This procedure will assist the court in resolving disputes arising out of production of documents.

"Ordinarily, each page of a document should receive a separate number. However, a document may be assigned a number as a whole if it is bound or if it contains pages which are sequentially numbered."

The rules of discovery do not permit discovery which would cause unreasonable annoyance, embarrassment, oppression, burden, or expense. Pa.R.C.P. 4011(b). If a responding party is always required to identify those documents and things produced or made available that may be applicable to each category of documents, requests for the production of documents would frequently impose an unreasonable burden on the responding party.

The discovery rules are intended to make evidence that may be relevant available to the other side. However, the discovery rules do not require the responding party to describe the manner in which it will use the evidence.

Requiring counsel to identify each document that he or she has provided that may be relevant to a category of documents would in many instances involve disclosure of mental impressions and legal theories of a party's attorney. For example, a discovery request asking the plaintiff to identify those documents which support the plaintiff's allegation that the driver of the automobile was acting within the scope of his employment with the defendant would require the plaintiff's counsel to identify the specific evidence in the case upon which he or she is relying.

A reading of Rule 4009.12 in the manner which defendants propose would also cause unreasonable annoyance and expense and would prolong the process through which documents are produced. Because a party wants to obtain every document that may be relevant to any aspect of the litigation, most parties include

in a request for the production of documents large numbers of overlapping discovery categories.[4] A responding party is likely to respond to a large number of overlapping discovery categories by producing every document involving the transaction or incident that the responding party has in its possession, custody, or control. A requirement that the responding party attempt to match each document that it is willing to produce with one or several of the categories would involve considerable additional time and thought.

Consider the situation in which the responding party furnishes to its counsel all documents relating to the transaction (800 separate documents). Its counsel intends to number and furnish each of these documents in response to a broad request for the production of documents that includes 31 overlapping categories of documents. Under defendants' reading of Rule 4009.12, counsel, instead, would be required to consider the relationship of each document to each of the 31 discovery requests. This would require counsel to fully familiarize himself or herself with the contents of 800 documents and to then review each of the 31 categories with respect to each of the 800 documents.

A reading of Rule 4009.12 that permits a responding party to produce a set of documents with an answer in which the responding party describes the set of documents that it is producing and states that it has produced

---

4. In their request for production of documents, defendants' first category of document requests seeks "[a]ny and all documents which support or tend to support each affirmative allegation in plaintiffs' complaint" and its third category seeks "any and all documents . . . concerning all claims, demands, causes of action, or litigation in any way arising from or concerning the accident." Virtually all of the other 19 categories of document requests are encompassed within these first and third categories.

everything and withheld nothing does not necessarily preclude the receiving party from obtaining more information concerning the document production. Consider a motion for production of documents containing numerous categories including a category seeking written statements of witnesses who observed the traffic accident. The responding party responds to the entire request by producing several dozen documents and filing an answer stating that it has produced all documents within its possession, custody, and control for each of the categories. The documents that were produced do not appear to include any written statements of witnesses. The party making the discovery request wants to be sure that there are no statements.

In this situation, this party may submit an interrogatory concerning the request which directs the responding party to state either that there are no documents or to identify which of the documents that it produced constitutes a written statement. This is an appropriate discovery request because the requesting party has a substantial need for this discovery, a response does not impose any significant burden on the responding party, and attorney work product is not involved.

Contrast the above discovery request with request no. 9 in the present case in which defendants seek any and all documents which support or tend to support plaintiffs' allegation that the work and representation of defendants was improper, inadequate, or negligent. Plaintiffs' response that it has produced all documents in its possession, custody, or control concerning the discovery request is sufficient. A request that plaintiffs identify each of the specific documents that may be applicable to this category is unreasonably burdensome and involves disclosure of counsel's mental impressions and legal theories.

While both parties referred to Rule 4009.12(b)(3) which permits a responding party in certain instances to respond to a discovery request by specifying a larger group of documents or things from which the documents or things to be produced may be identified as provided by Rule 4009.12(a)(2)(i), this discovery dispute has nothing to do with this rule. This is not a case in which plaintiffs furnished large numbers of documents, many of which may have nothing to do with any discovery requests, and stated to defendants that anything that it is seeking will be contained within these documents. Instead, plaintiffs have produced only documents that may be responsive to one or more of the categories in defendants' discovery request.

A construction of Rule 4009.12 in this fashion is not inconsistent with previous decisions (see *e.g., Nebel v. Jones-Kapp & Joyce Inc.,* 132 P.L.J. 262 (1983)) in which I compelled a party to answer interrogatories which seek information known to that party that may support or refute particular allegations in the pleadings (*i.e.,* a request to the plaintiff to furnish information that may support or refute her allegation that the manufacturer failed to sterilize the contact lenses). These rulings do not require a party to match information to particular allegations in the complaint. A party may respond by stating that it has no information other than that contained in pleadings, the documents that have been produced through discovery, answers to interrogatories provided by the plaintiff and other parties, and the depositions taken in the case. In *Nebel,* I stated that this is appropriate discovery because whenever a party has any relevant information, it should be made available immediately to any other party who seeks

this information to fulfill the purpose of the discovery rules of placing parties on equal footings.

For these reasons, I enter the following order of court:

## ORDER

On March 9, 1999, it is hereby ordered that defendants' motion to compel is denied.